762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LYNN DAVIS HAIRSTON, PLAINTIFF-APPELLANT,
v.
TITAN HEAT TREAT, DEFENDANT-APPELLEE.
 NO. 84-1346
 United States Court of Appeals, Sixth Circuit.
 4/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: ENGEL and JONES, Circuit Judges, and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal presents the narrow question of whether the plaintiff, Lynn Davis Hairston, was so contumacious or dilatory in the prosecution of his Title VII claim as to justify the district court's dismissal of his action under Federal Rule of Civil Procedure 41(b). We find that it was not and reverse and remand.
 
 
 2
 On September 16, 1982, after having pursued his administrative remedies, Hairston filed this Title VII action in the district court alleging that he had been discharged because of his race. On November 16, 1982, Titan Heat Treat (Titan) filed its answer. The district court issued a Pre-Trial Conference Order in which it set dates for discovery, motions deadlines, and a date for pretrial conference. Hairston engaged in no discovery and filed no motions. On March 23, 1983, Titan filed a motion for summary judgment. The district court ordered that Hairston's response was due April 18. 1983.
 
 
 3
 On April 12, 1983, Hairston contacted the law firm of Cottichio, Zotter & Sullivan (Cottichio) to assist in his attempt to defend against the motion for summary judgment. On April 20, 1983, Cottichio filed motions for leave to appear as counsel for Hairston, for leave to file an amended complaint, for enlargement of the times set forth in the Pre-trial Conference Order, and for enlargement of time to file an answer and brief in response to Titan's motion for summary judgment. On July 19, 1983, the district court denied these motions. On August 5, 1983, Hairston appeared to oppose the summary judgment motion. The district court informed Hairston that it would permit Cottichio to appear as counsel for Hairston. It issued an order to that effect on August 26, 1983.
 
 
 4
 On October 5, 1983, the district court entered an order allowing Hairston to amend his complaint to include a claim that Titan unlawfully bumped Hairston from his shift and a claim that Titan acted against Hairston in retaliation for Hairston's assistance in the filing of Hairston's brother's civil rights complaint against Titan. Hairston failed to amend his complaint and the district court dismissed sua sponte the case for lack of prosecution on February 28, 1984. Cottichio claims that he never received the order granting leave to amend.
 
 
 5
 Under Holt v. Pitts, 619 F.2d 558, 562 (6th Cir. 1980) (citing Wright & Miller, 9 Federal Practice & Procedure Sec. 2369), a dismissal for failure to prosecute is appropriate only if a plaintiff 'has engaged in a 'clear pattern of delay or contumacious conduct." We find that, under the circumstances of this case, the conduct of plaintiff was not so dilatory or contumacious as to require dismissal and, therefore, that the district court abused its discretion in dismissing the case. Accordingly, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable John D. Holschuh, District Judge, United States District Court for the Southern District of Ohio, sitting by designation